UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM F. WARD, | ) |
| Plaintiff, | ) Case No.: 2:10-cv-00378-GMN-RJJ |
| vs. | ) |
| | ) **ORDER** |
| BANK OF AMERICA, et al., | ) |
| Defendants. | ) |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5). Plaintiff has not filed a Response to Defendants' Motion. For the reasons that follow, Defendants' Motion (ECF No. 5) will be GRANTED.

## I.   BACKGROUND

This lawsuit was originally filed in March of 2010. In his Complaint, Plaintiff William F. Ward alleges that Defendants Bank of America and Megan Patterson violated the Americans with Disabilities Act when they allegedly confiscated the money contained in two of Plaintiff's Bank of America accounts. (Compl. 3, ECF No. 3.) Plaintiff has not filed anything in this case other than his Complaint and his Application to Proceed *In Forma Pauperis*.

On April 22, 2010, Defendants filed a Motion to Dismiss (ECF No. 5). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response. Defendants' Motion was filed electronically on April 22, 2010 and mailed to Plaintiff's address on the same day, (Mot. 4, ECF No. 5); therefore, Plaintiff had until May 9, 2010 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff

has failed to file any Response at all.

**II.      DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Under the Henderson test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Further, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  The third factor also weighs in favor of dismissal, as Plaintiff's failure to respond to Defendants' Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson*, 779 F.2d at 1423.  Additionally, the fourth factor weighs in favor of dismissal because it does not appear that this case was likely to be decided on the merits anyway:  Plaintiff has failed to take any action to prosecute this case in the nine months that it has been pending and has failed to update his address with the Court, (*see*

ECF No. 8).  These four factors outweigh the fifth factor and, accordingly, Defendants' Motion is GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 5) is GRANTED.

DATED this 1st day of February, 2011.

_____
Gloria M. Navarro
United States District Judge